**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

FRANYOR SNEYBER SUAREZ-DUARTE,               )
                                              )
    Petitioner,                              )
                                              )
v.                                            )
                                              )
BRIAN ACUNA, Acting Field Office              )
Director of Immigration and Customs           )
Enforcement, New Orleans Field Office,        )
Immigration and Customs Enforcement;          )
TRINITY MINTER, Warden of West                )
Tennessee Detention Facility; TODD            )     No. 2:25-cv-03075-SHL-tmp
LYONS, Acting Director of Immigration and     )
Customs Enforcement; KRISTI NOEM,             )
Secretary, U.S. Department of Homeland        )
Security; PAMELA BONDI, U.S. Attorney         )
General; U.S. DEPARTMENT OF                   )
HOMELAND SECURITY; and U.S.                   )
IMMIGRATION AND CUSTOMS                       )
ENFORCEMENT,                                  )
                                              )
    Respondents.                             )

**ORDER GRANTING MOTION TO WITHDRAW PETITION FOR WRIT OF HABEAS
CORPUS AND TERMINATE CASE WITHOUT PREJUDICE**

Petitioner Franyor Sneyber Suarez-Duarte seeks dismissal without prejudice of his petition for writ of habeas corpus, brought under 28 U.S.C. § 2241, because of the nationwide class certification and partial summary judgment issued by the U.S. District Court for the Central District of California. (ECF No. 7 (citing Maldonado-Bautista v. Santacruz, Case No. 5:25-cv-1873).) Suarez-Duarte's Petition challenges his continued detention in the West Tennessee Detention Facility, which was continuing without the provision of a bond hearing. (ECF Nos. 1, 1-2.) In response to the Petition, the Court ordered Suarez-Duarte to provide supplemental facts so it could rule without the need for an evidentiary hearing. (ECF No. 6 at PageID 21–22.)

After the previous Order, Suarez-Duarte filed the Motion.  He did not serve the Respondents as ordered, nor did he allege supplemental facts.  The Motion requests dismissal of this matter without prejudice because Suarez-Duarte contends that he is a class member in Maldonado-Bautista v. Santacruz, Case No. 5:25-cv-1873. (ECF No. 7 at PageID 24.) Therefore, Suarez-Duarte argues that because the legal basis for his detention under § 235(b)(2)(A) of the Immigration and Nationality Act has been declared unlawful in that matter, "he is now able to request a bond hearing before an immigration judge."  (ECF No. 7 at PageID 24.)

Because Federal Rule 41 "governs voluntary dismissal, and fully applies to federal habeas proceedings," the Court construes the Motion as a notice of dismissal under Federal Rule of Civil Procedure 41(a)(1).  Cf. Williams v. Caruso, No. 2:07-CV-11291, 2008 U.S. Dist. LEXIS 13639, at *1–2 (E.D. Mich. Feb. 25, 2008) (applying Rule 41 to a 28 U.S.C. § 2254 habeas petition).  Rule 41(a)(1) authorizes dismissal by a plaintiff "before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). Because Respondents have not been served in this matter, and have not filed an answer or response, Petitioner has the right to voluntarily dismiss the Petition.  Furthermore, Suarez-Duarte may pursue relief as a member of the nationwide class pending before the California federal case.

For the foregoing reasons, Suarez-Duarte's Motion is **GRANTED**.  His habeas petition is **DISMISSED WITHOUT PREJUDICE** under Federal Rule of Civil Procedure 41.

**IT IS SO ORDERED,** this 2nd day of December, 2025.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE

2